[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] STIPULATION
The parties hereby agree that the following facts may be accepted by the court as evidence in this case and that the court may rely on the documents attached in its assessment of the evidence.
THE FAMILY RESIDENCE
1. Title to the family residence, located at 392 Charcoal Ave, Middlebury, CT is currently held by the Margaret Errichetti Personal Residence Trust.
2. The value of the Plaintiff's income and reversionary interests in the trust is $227,080, as set forth on Schedule A attached to this agreement.
3. The value of the income and reversionary interests do not take into account the mortgage on the property, for which the plaintiff assumed personal liability in order to comply with federal tax requirements in establishing the trust. The current amount of the mortgage is $53,382, as set forth on Court Exhibit 2.
4. The defendant and Marshall Gibson are the trustees of the trust, and various family members of the defendant are members of the "Trustee Selection Committee" under the trust.
SIXTH FLOOR LLC
5. This property is identified on Court Exhibit 2 and the Defendant's financial affidavit as being subject to a contract for sale, with the Defendant's share of the gross sales proceeds identified as being $37,500. CT Page 4664-t
6. The sale of this property closed on December 28, 2000. Schedule B, attached, is a copy of the closing statement, and Schedule C, attached, is a copy of the Seller Statement from the closing.
7. The total amount of funds actually received by the Defendant with regard to this sale was $75,899.16, representing a return of capital in the amount of $66,323,69 and a share of the gain (profits from the sale) in the amount of $9,575.47. The calculation of these amounts appears on Schedule D attached.
FAMILY LIMITED PARTNERSHIP
8. The Defendant's interests in two of the nursing homes, specifically Wadsworth Glen (CT Health Center of Middletown, LP) and Litchfield Woods (CT Health Center of Torrington, LP), were transferred by the defendant to the Christopher J. Errichetti Family Limited Partnership in 1997. The respective values of those interests appear on Court Exhibit 2.
9. As a result of the transfers, the defendant held a 1% general partnership interest and a 99% limited partnership interest in the CJE Family Limited Partnership. The defendant's 99% limited partnership interest was then transferred to the Christopher J. Errichetti Grantor Retained Annuity Trust, of which Marshal D. Gibson and Janet Errichetti are trustees.
10. In the event the court decides that either or both of the nursing home interests should be transferred to the plaintiffs the defendant will take all steps necessary and within his control to effectuate such transfers. Specifically, the defendant, both individually and as the general partner of the CJE Family Limited Partnership will cause the property held in the partnership to be replaced with other assets, so as to result in the partnership and trust being adequately funded,
 SCHEDULE A MARGARET M. ERRICHETTI QUALIFIED PERSONAL RESIDENCE TRUST GRIT/QUALIFIED PERSONAL RESIDENCE TRUST ENDING AT EARLIER OF TERM OR GRANTOR'S DEATH
Transfer Date 12/1997 § 7520 Rate 7.2% Number of Years Trust Runs 30 CT Page 4664-u Value of Capital Placed into Trust $250,000 Grantor's Age 39 Grantor's Age when Trust Term Ends 69 Value of Nontaxable Interest Retained by Grantor $227,080 Taxable Gift (Present Value of Remainder Interest) $22,920 After-Tax Rate at Which Property Grows 4.00% Value of Property after 30 Years $810,849 Combined Federal and State Death Tax Bracket 50.00% Potential Death Tax Savings $393,965 (Combined Bracket times [Value of Property minus Taxable Gift])
 Total Inc. Interest Reversion Inc. Interest with Reversion Remainder
Factor: 0.07512 0.83320 0.90832 0.09168 Value: $18,780 $208,300 $227,080 $22,920
 MELLON, HICKEY CAPUANO LLC SCHEDULE B ATTORNEYS AT LAW 49 LEAVENWORTH STREET WATERBURY, CT 06702 CLOSING STATEMENT
SELLER(S): SIXTH FLOOR, L.L.C.
BUYER(S): EXCHANGE6, LLC
PROPERTY: UNIT 0-6 UNIT 2, ONE EXCHANGE PLACE, WATERBURY, CT 06702
DATE: DECEMBER 28, 2000
 ADJUSTMENTS Seller(s) Buyer(s) Credits CreditsPURCHASE PRICE $ 150,000.00DEPOSIT $ 15,000.00 CT Page 4664-v
TAXES: List of October 1, 1999 are half paid in the amount of $7,408.22 List of October 1, 1999 — Assessment $198,500.00 X Mill Rate of 74.642 equals $14,816.44 total taxes Adjustment due 12/28/00-12/31/00, 3 days @ $40.5931 day $ 121.78
COMMON CHARGES: $935.83/month; December not paid.Buyer to pay December common charges @ closing. Adjustment due 12/1/00-12/28/00, 28 days @ $30.1881/day $ 845.27
TOTAL CREDITS DUE: $ 150,121.78 $ 15,845.27 DUE TO SELLER(S): $ 150,121.78 DUE TO BUYER(S): $ 15,845.27
NET AMOUNT DUE TO SELLER(S) $ 134,276.51
All adjustments are subject to correction for error in computation or omission and the adjustments as to taxes is subject to modification, if warranted, by reason of any difference in the final assessment, mill rate, or tax year from those used herein.
SELLER(S): SIXTH FLOOR, LLC
BY: __________________________________ CHRISTOPHER ERRICHETTI, Its Member
BUYER(S): EXCHANGE6, LLC
 SCHEDULE C SELLER STATEMENT
SELLER(S): SIXTH FLOOR, L.L.C.
BUYER(S): EXCHANGE6, LLC
PROPERTY: UNIT 0-6 UNIT 2, ONE EXCHANGE PLACE, WATERBURY, CT 06702 CT Page 4664-w
DATE: DECEMBER 28, 2000 ***********************************************************************
CASH TO BALANCE: $134,276.51(DEPOSIT OF $15,000.00 GIVEN DIRECTLY TO SELLER)TOTAL CASH TO BALANCE: $134,276.51
DISBURSEMENTS:
LEGAL FEE: ERRICHETTI ASSOCIATES N/A
MORTGAGE PAYOFF: N/A Loan No.
RECORDING: Town Clerk N/A Release of Mortgage
CONVEYANCE:
Town Clerk of Waterbury $ 165.00 Commissioner of Revenue Services $ 1,500.00
COMMISSION: N/A
OTHER: N/A
TOTAL DISBURSEMENTS: $ 1,665.00 $ 1,665.00
NET AMOUNT DUE TO SELLER(S): $132,611.51
 SIXTH FLOOR LLC — SALES PROCEEDS DISTRIBUTION SCHEDULE D Cash balance 168,117.01 Reserve (2,617.01)
Distribute 165,500.00
Capital Accounts
Chris Errichetti 66,323.69 Distribution 165,500.00 Georgianna Noc 33,164.36 Capital (127,198.11) Jack Nocera 27,705.03 38,301.89 Rick Errichetti 5.03 x 25%
127,198.11 9,575.47 CT Page 4664-x
Net Distributions
Chris Errichetti 66,323.69 Georgianna Nocera 33,164.36 9,575.47 9,575.47
75,899.16 42,739.83
Jack Nocera 27,705.03 Rick Errichetti 5.03 9,575.47 9,575.47
37,280.50 9,580.50
Recap
Chris Errichetti 75,899.16 Georgianna Noc 42,739.83 Jack Nocera 37,280.50 Rick Errichetti 9,580.50
165,500.00
 SCHEDULE E
Janet W. Errichetti and Marshall D. Gibson, hereby state:
1. That we are the trustees of the Christopher J. Errichetti Grantor Retained Annuity Trust, established in December, 1997.
2. The trust is the limited partner under the Christopher J. Errichetti Family Limited Partnership agreement, also established in December, 1997. Christopher J. Errichetti is the general partner.
3. According to the sole General Partner, Christopher J. Errichetti, the assets of the partnership consist of a 5% percent interest in Wadsworth Glen (CT Health Center of Middletown, LP, and a 5% interest in Litchfield Woods (CT Health Center of Torrington, LP), all of which were assigned to the partnership by Christopher J. Errichetti in December, 1997. The assets of the trust consist of a 99% limited partnership interest in the partnership.
4. In the event the court deciding the issues in the marital dissolution proceeding between Christopher J. Errichetti and Margaret Errichetti should decide that the interests formerly held by Christopher J. Errichetti, and now held by the Christopher J. Errichetti Family Limited Partnership, of which such trustees are a limited partner, should be assigned to Margaret Errichetti, the undersigned trustees agree that they will cooperate in effectuating such transfers. CT Page 4664-y
5. The trustees further agree that by executing this statement they are submitting themselves to the jurisdiction of the court for the purposes of enabling the court to enforce its orders regarding the assets referred to above.
STATE OF CONNECTICUT: : ss. March 13, 2001 COUNTY OF NEW HAVEN :
Personally appeared, Marshal Gibson, signer and sealer of the foregoing instrument, and acknowledged the same to be his free act and deed, before me.
 Louis Parley __________________________________ Commissioner of the Superior Court
STATE OF CONNECTICUT: : ss. March 12, 2001 COUNTY OF :
Personally appeared, Janet Errichetti, signer and sealer of the foregoing instrument, and acknowledged the same to be her free act and deed, before me.
 __________________________________ Commissioner of the Superior Court
[EDITORS' NOTE: STIPULATED AGREEMENT IS ELECTRONICALLY NON-TRANSFERRABLE.]